IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| DUSTIN C. WILSON, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>SWINEY et al., )<br>    Defendants ) | Civil Action No. 7:16-cv-00332<br><br>**REPORT & RECOMMENDATION**<br><br>By:   Joel C. Hoppe<br>United States Magistrate Judge |

Plaintiff Dustin C. Wilson, appearing pro se, brings this action under 42 U.S.C. § 1983 and alleges that Defendants Unit Manager ("UM") W. Swiney and Lieutenant ("Lt.") Kiser (collectively "Defendants") violated Wilson's Eighth Amendment rights while he was incarcerated at Red Onion State Prison ("ROSP"). The case is before me by referral under Federal Rule of Civil Procedure 72(b). ECF No. 74. I recommend that the presiding District Judge dismiss Wilson's complaint with prejudice because he has failed to prosecute his case in accordance with the Court's orders and procedural rules.

I. Procedural History

Wilson originally filed this action in July 2016. *See* Compl., ECF No. 1. Magistrate Judge Robert Ballou ordered that his case be conditionally filed and gave notice to Wilson that failure to comply with the order "shall result in dismissal of this action without prejudice." Order of July 13, 2016, ECF No. 2; *see also* Order of Aug. 9, 2016, ECF No. 10. Wilson was also sent a *Roseboro* notice on November 30, 2016, informing him that failure to respond appropriately to the Defendants' motion for summary judgment may result in "dismiss[al of the] case for failure to prosecute." ECF No. 25.

In their motion for summary judgment, Defendants asserted, among other issues, that Wilson failed to exhaust his available administrative remedies. *See* Defs.' Br. in Supp. of Mot.

1

for Summ. J. Ex. 1, Aff. of J. Messer ¶¶ 10–12, ECF No. 24-1. On Defendants' exhaustion argument, District Judge Norman K. Moon, found a "material dispute as to whether administrative remedies were available to Wilson." *See* Mem. Op. of Sept. 5, 2017, 4–5, ECF No. 53. Judge Moon granted in part and denied in part Defendants' motion for summary judgment. *See* Order of Sept. 5, 2017, ECF No. 54.

In November 2017, Judge Moon dismissed Wilson's case without prejudice for failure to pay the filing fee. *See* Order of Nov. 17, 2017, ECF No. 63; *see also* Mem. Op. of Nov. 17, 2017, ECF No. 62. Upon Wilson's Motion for Reconsideration, ECF No. 63, Judge Moon reopened the case in May 2018 and again ordered Wilson to pay the balance of his filing fee or apply to proceed in forma pauperis. *See* Order of May 2, 2018, ECF No. 65. Wilson again failed to comply with the order, and his case was again dismissed without prejudice later that month. *See* Order of May 22, 2018, ECF No. 67; *see also* Mem. Op. of May 22, 2018, ECF No. 66. Upon Wilson's Motion for Reconsideration, ECF No. 69, Judge Moon again reopened the case in January 2019. *See* Order of January 8, 2019, ECF No. 70.

Trial was originally set for August 13–14, 2019, in the Big Stone Gap Division and notice was sent to the parties. *See* February 1, 2019 Notice of Hr'g, ECF No. 77.[1] A scheduling conference was set before me for February 8, 2019. *See* February 1, 2019 Notice of Hr'g, ECF No. 76. Wilson failed to call in for the scheduling conference on that date, *see* ECF No. 79, although he did call in for the rescheduled conference on March 1, 2019. *See* Min. Entry Proceedings, ECF No. 87.

On May 8, 2019, the Court entered a Pretrial Order, setting deadlines for the parties to file witness and exhibit lists, among other things. Order, ECF No. 93. The Pretrial Order also

---

[1] On June 17, 2019, this case was transferred by oral order to District Judge James P. Jones.

indicated that I would conduct a pretrial conference on August 1, 2019. *Id.* On July 30, Defendants filed their witness and exhibit lists for trial. ECF No. 102. Defendants also filed proposed jury instructions and proposed voir dire on August 6. ECF Nos. 106, 107. Wilson did not file any pretrial disclosures pursuant to Rule 26(a)(3), despite the requirements in the Pretrial Order.

In August 2019, Wilson again failed to call in for the final pretrial conference. *See* Min. Entry Proceedings, ECF No. 103. Notice of the hearing had been sent to Wilson on April 29, 2019, *see* Notice of Telephonic Hr'g, ECF No. 92, and the Court was advised that Wilson could make phone calls at the Virginia Center for Behavioral Rehabilitation ("VCBR"), where he is currently housed, at his leisure. On August 7, Wilson again failed to call in to the rescheduled pretrial conference. *See* Min. Entry Proceedings, ECF No. 108. Because Wilson did not participate, the Court was unable to conduct the pretrial conference, but during the call counsel for the Defendants notified the Court that they remained interested in pursuing the issue of Wilson's alleged failure to exhaust administrative remedies. After the unsuccessful pretrial conference on August 7, the Court learned that VCBR personnel could not transport Wilson for trial, and Ms. Victoria Prince, an administrative assistant at VCBR, notified the Clerk's Office that Wilson could not be made available for the bench trial by video conference on August 13 and 14. Accordingly, the Court canceled the trial date and ordered an evidentiary hearing on the exhaustion issue. *See* Notice of Cancellation, ECF No. 110; Notice of Hr'g, ECF No. 111. On August 21, 2019, notice of the evidentiary hearing was mailed to Wilson and an order was sent to the director of the VCBR to make Wilson available for a video conference on October 10, 2019. *See* Order of Aug. 21, 2019, ECF No. 112. A subsequent order entered on August 28, directed the parties to file supplemental briefing, if they deemed it necessary, on the issue of

exhaustion by September 30. ECF No. 113. Neither party filed supplemental briefs on the issue.

On October 10, 2019, Defendant Swiney was present in court with his counsel and a witness, Mr. Gary Adams. *See* Min, Entry Proceedings, ECF No. 114. Defendants' counsel confirmed that they were ready to proceed with the hearing. Wilson refused to participate in the hearing. Ms. Prince had organized the video conference, and she was present from the VCBR by video. She stated that VCBR personnel and Wilson had received notice of the evidentiary hearing and Wilson had inquired about the hearing to staff at VCBR. At 9:30 a.m. on October 10, Ms. Prince had placed Wilson on "standby" to be ready for the video conference. Shortly before the hearing, staff notified Ms. Prince that Wilson refused to leave his bed and attend the hearing. Ms. Prince spoke to Wilson directly to confirm his refusal to leave his room and ask for his reason. Wilson gave no reason, but confirmed his refusal, rolled over, and pulled the covers over his head. Because Wilson refused to participate, the Court was unable to proceed with the evidentiary hearing.

## II. Discussion

The Court has inherent authority to "dismiss a plaintiff's action with prejudice for failure to prosecute." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962). "A dismissal with prejudice is a harsh sanction which should not be invoked lightly in view of 'the sound public policy of deciding cases on their merits.'" *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (quoting *Reizakis v. Loy*, 490 F.2d 1132, 1134 (4th Cir. 1974)). A plaintiff's failure to appear may warrant involuntary dismissal of the action. *See Parks v. Huff*, 1992 WL 21363, at *2 (4th Cir. 1992) (affirming the district court's dismissal for pro se plaintiff's failure to prosecute precipitated by his failure to appear in court); *Russell v. Boggs*, No. CIV A 7:08cv00467, 2009 WL 2003402, at *2 (W.D. Va. July 6, 2009) (dismissing prisoner's case with prejudice for failure to prosecute

after he failed to notify the court of his changed address and failed to attend an evidentiary hearing on defendant's motion for summary judgment). In deciding whether dismissing Wilson's case is warranted, the Court must consider: (1) Wilson's degree of personal responsibility for the delay; (2) "prejudice to the judicial process and the administration of justice;" (3) prejudice to the Defendants; (4) the availability of less drastic sanctions; and (5) the public interest. *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462–63 (4th Cir. 1993) (internal citations omitted). "[A] District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so." *Link*, 370 U.S. at 633. "[T]he propriety of [ ] dismissal 'depends on the particular circumstances of the case.'" *Bailey v. Edwards*, 573 F. App'x 268, 269 (4th Cir. 2014) (quoting *Ballard v. Carlson*, 882 F.2d 93, 95–96 (4th Cir. 1989)).

As a pro se plaintiff, Wilson is personally responsible for failing to proceed with his case. *See Parks*, 1992 WL 21363, at *2; *Taylor v. Fresh Fields Mkts., Inc.*, No. CIV A 94-0055-C, 1996 WL 403787, at * 2 (W.D. Va. June 27, 1996). Pro se litigants are of course entitled to some leeway in federal court, but Wilson's pro se status alone cannot excuse his failure to comply with this Court's orders and procedural rules. *Id.* at *2; *see also Hansan v. Fairfax Cty. Sch. Bd.*, 405 F. App'x 793, 794 (4th Cir. 2010). Wilson was given at least two opportunities and reminders by staff at VCBR on the morning of the evidentiary hearing, and he refused to attend.

Additionally, the judicial process was prejudiced because court personnel and Defendants' counsel, Defendant Swiney, and a witness "spent hours traveling to and from the courthouse" for the hearing and their "time and the public's interest would have been better served performing their [ ] duties." *Boggs*, 2009 WL 2003402, at *2. Wilson has failed to participate in two pretrial conferences as well. Furthermore, considering this case was filed three years ago and has been dismissed a number of times because of Wilson's inattentiveness and

failure to comply with Court orders, I find that the Defendants have been prejudiced by the delay in proceedings.

Alternative sanctions are inadequate. "Because he is proceeding *in forma pauperis* before this Court, monetary sanctions would have been of doubtful utility." *Parks*, 1992 WL 21363, at *2.

Finally, Wilson has a history of proceeding in a dilatory fashion before this Court. Indeed, he has known for at least six weeks that the evidentiary hearing was scheduled for a video conference on October 10, and yet he failed to attend. *See* Notice of Hearing, ECF No. 111; Min. Entry Proceedings, ECF No. 114. Wilson also missed three pretrial conferences, *see* ECF Nos. 79, 103, 108, and he failed to submit any pretrial filings, such as witness and exhibit lists. These actions show that he "only want[ed] to litigate on [his] terms at the time of [his] choosing." *Cf. Dukes v. Cox*, No. 1:09cv1140, 2015 WL 2338664, at *11 (S.D. Ind. May 15, 2015) (dismissing plaintiff's case with prejudice). "Ordinary [litigants] must participate in the ordinary process of litigation," *Mayfield v. Butler Snow LLP*, 3:17cv514, 2017 WL 5616017, at *3 (S.D. Miss. Nov. 21, 2017), even if they do not want to. "Dilatory tactics such as 'stalling and ignoring direct orders of the court . . . must obviously be deterred.'" *Taylor*, 1996 WL 403787, at *2 (quoting *Mut. Fed. Savs. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 93 (4th Cir. 1989)). Although Wilson did not receive notice of the possibility of dismissal for his failure to attend the evidentiary hearing, all other factors weigh in favor of dismissing the action with prejudice.

IV. Conclusion

For the foregoing reasons, I respectfully recommend that the presiding District Judge **DISMISS** this action **WITH PREJUDICE** because Wilson has failed to prosecute his case in accordance with the Court's orders and procedural rules.

### Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, United States District Judge.

The Clerk shall send certified copies of this Report and Recommendation to the parties.

ENTER: October 15, 2019

Joel C. Hoppe
United States Magistrate Judge