# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DUSTIN C. WILSON,** | ) |
| Plaintiff, | ) Case No. 7:16CV00332 |
| v. | ) **OPINION AND ORDER** |
| **SWINEY, ET AL.,** | ) By: James P. Jones |
| Defendants. | ) United States District Judge |

*Dustin C. Wilson, Pro Se Plaintiff; Margaret H. O'Shea, Office of the Attorney General, Richmond, Virginia, for Defendants.*

This civil rights action under 42 U.S.C. § 1983, filed pro se by former Virginia inmate Dustin Wilson, alleged Eighth Amendment violations by prison officials at Red Onion State Prison. The matter is before me on the Report and Recommendation issued by United States Magistrate Judge Joel C. Hoppe on October 15, 2019. The Report recommends dismissal of the case with prejudice, based on Wilson's failure to prosecute. After review of the record and there being no objections, I will adopt the Report.

Wilson is now confined under a civil court order at the Virginia Center for Behavioral Rehabilitation ("VCBR"). Judge Hoppe scheduled an evidentiary hearing for October 10, 2019, on the disputed threshold issue of whether administrative remedies were unavailable to Wilson. *See* 42 U.S.C. § 1997e(a). On

October 10, 2019, Defendant Swiney, his witness, and his counsel were present in court, ready to proceed with the hearing. Ms. Prince, an administrative assistant at VCBR, placed Wilson on standby, ready for the video conference.

> Shortly before the hearing [time], [VCBR] staff notified Ms. Prince that Wilson refused to leave his bed and attend the hearing. Ms. Prince spoke to Wilson directly to confirm his refusal to leave his room and ask for his reason. Wilson gave no reason, but confirmed his refusal, rolled over, and pulled the covers over his head. Because Wilson refused to participate, the Court was unable to proceed with the evidentiary hearing.

R&R 4, ECF No. 115.

In addition to a summary of the events described herein, the Report details many other instances when Wilson has failed to comply with court orders and procedures. In fact, the case has been dismissed without prejudice several times because of his inattentiveness and flouting of court orders. Moreover, the defendants have been put to unnecessary expense by his dilatory actions and prejudiced by the delays he has caused in the resolution of this case. Based on Wilson's long history of refusing to participate consistently in the ordinary process of litigation, Judge Hoppe recommends that dismissal of the action with prejudice is the appropriate sanction.

The parties were duly notified of their right to object within 14 days to Judge Hoppe's Report and his recommendation for dismissal of the case. No objections have been filed, and the allotted objection time has elapsed.

I have reviewed the Judge Hoppe's Report, and I am satisfied that there is no clear error on the face of the record. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) ("[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note. Accordingly, it is hereby **ORDERED** that the Report and Recommendation, ECF No. 115, is hereby ADOPTED in its entirety. A separate final order will be entered herewith.

ENTER: November 12, 2019

/s/ James P. Jones
United States District Judge